### WILSON *et al. v.* WHELAN.

91  461
101  463

The corporate authorities of the city of Milledgeville having by an amendment to the charter, approved October 16, 1891, power to grant licenses to retail spirituous liquors within the city, and having exercised the power by fixing the fees for licenses at as much in the city as required by the general law in the county, the commissioners of roads and revenues for the county of Baldwin had no power or jurisdiction over the granting of such licenses to retailers whose business was carried on in the city of Milledgeville for the year 1892.

March 27, 1893. Argued at the last term.

Before Judge JENKINS. Baldwin county. November 24, 1892.

C. P. CRAWFORD and D. B. SANFORD, for plaintiffs in error.

R. H. LEWIS and WHITFIELD & ALLEN, *contra.*

SIMMONS, Justice.

The act approved October 16, 1891 (Acts of 1890–91, vol. 2, p. 888), gives to the Mayor and Aldermen of the City of Milledgeville full power and authority to levy and collect a license tax on all wholesale and retail dealers in spirituous, fermented or malt liquors, not exceeding one thousand nor less than five hundred dollars per annum, and authorizes them to issue to each dealer a license upon payment of the tax imposed. Section 1422 of the code provides that the preceding sections which authorize county authorities to grant licenses for the sale of intoxicating liquors by retail, shall not apply to any corporation, town or city, which, by charter, has power to grant licenses for the sale of liquors, provided the fees charged for such licenses are at least as much in said town or city as are required by law in the county. In

pursuance of the authority granted them by the act above cited, the corporate authorities of the city of Milledgeville granted, for the year 1892, a license to Whelan as a retail liquor dealer in the city, for which he paid $500. The county authorities also demanded of him a license tax for the same year, and upon his refusal to pay the same, issued an execution against him; whereupon he filed his petition in equity, praying an injunction against them from levying and collecting the execution. The court granted the injunction, and this is the error complained of.

The corporate authorities of Milledgeville having, by virtue of the act above mentioned, power and authority to grant licenses to retailers of spirituous liquors within the city, and having exercised that power by fixing the fees for licenses at as much as was required by the general law in the county, the commissioners of roads and revenues of the county of Baldwin had no jurisdiction whatever over the granting of licenses to retailers of liquors in the city of Milledgeville for the year 1892. The section of the code above cited deprives the county authorities of jurisdiction over the granting of licenses in towns and cities which, by their charters, have authority to grant such licenses, provided the tax fixed by the corporation be as much as the tax required by law to be paid to the county authorities. The trial judge, therefore, did right in granting the injunction, and his judgment is accordingly                     *Affirmed.*